**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 5 2014

JAMES W. McCORMACK, CLERK
BY:_____
                              DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

| | |
|---|---|
| PATRICIA MCCLINTON, | § |
| PLAINTIFF, | § |
| | § |
| v. | § |
| | § |
| BROOKSHIRE GROCERY | § |
| COMPANY, | § |
| | § |
| DEFENDANT. | § |
| | § |

CIVIL ACTION NO. _5:14-CV-334 BSM_

This case assigned to District Judge _Miller_
and to Magistrate ___ _Deere_ ___

## DEFENDANT BROOKSHIRE GROCERY COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Brookshire Grocery Company ("Brookshire") removes this action brought by Plaintiff Patricia McClinton ("Plaintiff") to the United States District Court for the Eastern District of Arkansas. In support, Brookshire states:

1.    On August 18, 2014, Plaintiff filed her Complaint against sole Defendant Brookshire in the Circuit Court of Jefferson County, Arkansas, Case No. CV-2014-397-5, asserting a single cause for negligence based upon an alleged "slip and fall" accident at a grocery store operated by Brookshire in Pine Bluff, Arkansas.

2.    This action between Plaintiff and Brookshire is wholly between diverse parties. Plaintiff is a citizen and resident of the state of Arkansas with her domicile in Pine Bluff, Jefferson County, Arkansas. Defendant Brookshire is a corporation organized under the laws of the state of Texas and its principal place of business located in the state of Texas.

3.    Plaintiff's Complaint prays for (i) past and present medical care, treatment, services, expenses, and costs, (ii) past and present pain, suffering and mental anguish, and (iii) future pain and suffering. *See* COMPLAINT as Exhibit A, ¶ 28. Although no specific amount is

prayed for in the Complaint, the amount in controversy likely exceeds $75,000, given the nature of the alleged injuries and duration of medical treatment received since May 6, 2012.

4.      Based on the complete diversity of citizenship between the proper parties, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441.

5.      Brookshire was first served with the summons and complaint on August 22, 2014. This Notice of Removal, together with all process, pleadings, and orders served on Brookshire, or otherwise on file in the lawsuit, are being filed in this Court within 30 days after the initial service. The removal is therefore timely under 28 U.S.C. § 1446(b).

6.      Brookshire will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Arkansas.  Also, Brookshire's Certificate of Interested Persons will be filed separately.

7.      Brookshire hereby reserves all affirmative defenses, including without limitation those under Rule 12(b):  insufficient process, insufficient service of process, improper venue, failure to state a claim upon which relief can be granted, and pendency of another action between the same parties arising out of the same transaction or occurrence.

WHEREFORE, Defendant Brookshire Grocery Company gives notice that the action *McClinton v. Brookshire Grocery Co.* Cause No. CV-2014-397-5, pending in the Circuit Court of Jefferson County, Arkansas, is removed to this Court.

Respectfully submitted,

**PPGMR Law, PLLC**

P.O. Box 251618
Little Rock, AR 7225-1618
Tel: (501) 603-9000
Fax: (501) 603-0556


R. Scott Morgan, Ark. Bar No. 86128
smorgan@perkinstrotter.com
Jeffrey M. Swann, Ark. Bar No. 2011169
jswann@perkinstrotter.com

*Attorneys for Brookshire Grocery Company*

## CERTIFICATE OF SERVICE

I, R. Scott Morgan, do hereby certify that I have served a true and correct copy of the above by electronic mail and certified mail, return receipt requested, upon the following on this 5th day of September, 2014.

Adam Jackson
Taylor King & Associates, P.A.
320 Main Street
Arkadelphia, AR 71923

*Attorney for Plaintiff*


Jeffrey M. Swann

## IN THE CIRCUIT COURT OF JEFFERSON ARKANSAS
## CIVIL DIVISION

PATRICIA MCCLINTON                                                    PLAINTIFF

V.                                  CV-2014- 3 9 7 - 5

BROOKSHIRE GROCERY COMPANY                              DEFENDANT

### SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

*Brookshire Grocery Co.*

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Adam Jackson
Taylor King & Associates, P.A
320 Main Street
Arkadelphia, AR 71923

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

Jefferson County Circuit Clerk
101 W. Barraque Street
P.O. Box 7433
Pine Bluff, AR 71611

By: *Roland Daniel* ,DC

Date: AUG 1 8 2014





EXHIBIT
A

**PROOF OF SERVICE**

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

Return filed this _____ day of _____, 20___.

_____, Circuit Clerk

By: _____ D.C.



**CERTIFIED MAIL**

7014 0150 0000 7266 9514

Hasler
08/20/2014
US POSTAGE
**$11.75⁰**

ZIP 71923
011D11642126

CM/RRR: 7014 0150 0000 7266 9514
Deliver to addressee only

The Corporation Company
124 West Capitol Ave - Suite 1900
Little Rock, AR 72201

7220183717 0072



PERSONAL INJURY LAWYER'S
# TAYLOR KING
On Your Side - By Your Side

August 20, 2014

**CM/RRR: 7014 0150 0000 7266 9514**
**Deliver to addressee only**

The Corporation Company
124 West Capitol Ave - Suite 1900
Little Rock, AR 72201

Re:   *Patricia McClinton v. Brookshire Grocery Company*
      *No.* CV-2014-397-5

Dear Friends:

Please find enclosed a Complaint with Summons attached which has been filed in the .
You are hereby advised that I represent Patricia McClinton in connection with the above
referenced Complaint.

You will notice that the Summons directs you to answer or otherwise plead within thirty (30)
days or a judgment by default may be taken against you without further notice to you. You
are being served pursuant to Rule 4 of the Arkansas Rules of Civil Procedure.

If you have any questions, you may wish to contact your auto liability insurance company.

Sincerely yours,

Adam Jackson

AJ/djh

Enclosures

## IN THE CIRCUIT COURT OF JEFFERSON ARKANSAS
## CIVIL DIVISION

PATRICIA MCCLINTON                                                    PLAINTIFF

V.                          CV-2014- 397 -5

BROOKSHIRE GROCERY COMPANY                                DEFENDANT

### COMPLAINT

     Comes the Plaintiff, Patrica McClinton, by and through her attorneys, Taylor King &

Associates, P.A., and for her cause of action against the Defendant, Brookshires Corporation,

states as follows:

     1.    That Plaintiff, Patricia McClinton (hereinafter referred to as "Plaintiff"), was at all

times relevant to this action, and still is, an individual residing in Pine Bluff, Jefferson County,

Arkansas.

     2.    That Defendant, Brookshire Grocery Company (hereinafter referred to as

Defendant"), is a corporation doing business in the State of Arkansas, whose registered agent for

service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR

72201. It owns and operates a Brookshires in Pine Bluff, AR.

     3.    The acts and events giving rise to this action occurred within Jefferson County,

Arkansas.

     4.    This Court has jurisdiction over the parties and subject matter pursuant to this

Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction

-1-



FILED IN MY OFFICE AND SUMMONS
ISSUED AT __I:42__ O'CLOCK _I_ _M
____AUG 1 8 2014____ DATE
LAFAYETTE WOODS, SR., CLERK

granted by Ark. Code Ann. § 16-13-201.

     5.     Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

## FACTS

     6.     Plaintiff hereby incorporates paragraphs 1 through 5 herein by reference.

     7.     That on or May 6, 2012, Plaintiff traveled to Brookshire Grocery Company located at 2800 South Hazel, Pine Bluff, AR.

     8.     At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as a business invitee.

     9.     At all times relevant hereto, Defendant controlled, maintained, operated and possessed the afore-mentioned business premises.

     10.     Plaintiff had entered the store to buy flowers, selected them from the flower area, and was walking to the checkout center when she slipped on some slippery substance, upon information and belief available to Plaintiff was thought to be water, on the floor near the end caps of the aisle area.

     11.     Plaintiff fell on the floor on her left side, resulting in pain and injuries. Plaintiff subsequently underwent medical treatment as a result of the fall and to date, the Plaintiff still suffers from said injuries.

     12.     By reason of the negligence of Defendant stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

13.     By reason of the negligence of Defendant stated herein, Plaintiff suffered pain and suffering as a result of her injuries described herein.

14.     As a direct and proximate result of her injuries, Plaintiff suffered damages as set forth herein.

## COUNT I-NEGLIGENCE

15.     Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16.     At all times relevant to this action, Defendant had a duty to Plaintiff as a business invitee to use ordinary care to maintain the premises in reasonably safe condition.

17.     Defendant knew or should have known that business invitees (including Plaintiff) would approach the area where Plaintiff fell while utilizing the premises, that the invitees would not be aware of the extent of the area's condition, and that customers would be forced to walk through that area while on the premises.

18.     Defendant owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm. The Defendant breached this duty to Plaintiff.

19.     Defendant, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to keep the floor free from a dangerous obstructions.  This breach created an unsafe condition for business invitees such as Plaintiff. In the alternative, Defendant, or its authorized agents, employees, or representatives, breached the duty to the Plaintiff by allowing water to accumulate on the floor, causing an unsafe condition, for such an amount of time that Defendants knew or should have known of its.

-3-

presence, and failed to remove or address the dangerous situation.

20.     Defendant breached its duty to use ordinary care to maintain and inspect the premises in a reasonably safe condition for Plaintiff, who was a business invitee to which Defendant owed the highest degree of care.

21.     Defendant carelessly and negligently allowed the presence of the accumulated water to remain, creating an unsafe condition of the premises controlled, maintained, and operated by it, and caused the Plaintiff to fall with such force as to cause physical injury and necessitated subsequent medical treatment.

22.     Defendant carelessly and negligently allowed the floor to be left unattended, creating an unsafe condition of the premises controlled, maintained and operated by it, and allowed the water to remain upon the area of such premises for such a length of time, that Defendant knew or reasonably should have known of its presence, and failed to use ordinary care to address it.

23.     Defendant carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

24.     Defendant carelessly and negligently failed to warn its business invitees, and more particularly the Plaintiff, of the presence of the water on the premises controlled, maintained and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff would result in injury and damages.

25.     Defendant carelessly and negligently failed to mark the dangerous area of the premises to protect the business invitees and patrons, and more particularly the Plaintiff, from the presence of the water on the premises controlled, maintained and operated by

-4-

it, and knew or reasonably should have known that failure to mark the area would result in injury and damages to the Plaintiff.

26.   As a direct and proximate result of Defendant's acts, or failures to act, as set forth herein, Plaintiff suffered damages as stated in the Prayer for Relief.

## PRAYER FOR RELIEF

27.   Plaintiff hereby incorporates paragraphs 1 through 26 herein by reference.

28.   As a direct and proximate result of the Defendant's conduct, Plaintiff is entitled to the following damages, taking into account the nature, extent, duration, and permanency of her injuries:

> a. Past and present medical care, treatment, services, expenses, and costs;
>
> b. Past and present pain, suffering, and mental anguish; and
>
> c. Future pain, and suffering.

29.   Plaintiff respectfully requests the cost of litigating this case.

30.   Plaintiff requests trial by jury.

31.   Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

**WHEREFORE**, Plaintiff, Patricia McClinton, respectfully requests that this Court grant her judgment against Defendant for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

-5-

Respectfully submitted,

Taylor King & Associates, P.A.
P.O. Box 972
320 Main Street
Arkadelphia, AR  71923
(870) 246-0505

By:

Adam Jackson Bar No. 2013176