IN THE CIRCUIT COURT OF JEFFERSON ARKANSAS
CIVIL DIVISION

PATRICIA MCCLINTON                                                                    PLAINTIFF

V.                              CV-2014- 397-S

BROOKSHIRE GROCERY COMPANY                                         DEFENDANT

## COMPLAINT

Comes the Plaintiff, Patrica McClinton, by and through her attorneys, Taylor King & Associates, P.A., and for her cause of action against the Defendant, Brookshires Corporation, states as follows:

1. That Plaintiff, Patricia McClinton (hereinafter referred to as "Plaintiff"), was at all times relevant to this action, and still is, an individual residing in Pine Bluff, Jefferson County, Arkansas.

2. That Defendant, Brookshire Grocery Company (hereinafter referred to as Defendant"), is a corporation doing business in the State of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201. It owns and operates a Brookshires in Pine Bluff, AR.

3. The acts and events giving rise to this action occurred within Jefferson County, Arkansas.

4. This Court has jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction

-1-



granted by Ark. Code Ann. § 16-13-201.

5. Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

## FACTS

6. Plaintiff hereby incorporates paragraphs 1 through 5 herein by reference.

7. That on or May 6, 2012, Plaintiff traveled to Brookshire Grocery Company located at 2800 South Hazel, Pine Bluff, AR.

8. At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as a business invitee.

9. At all times relevant hereto, Defendant controlled, maintained, operated and possessed the afore-mentioned business premises.

10. Plaintiff had entered the store to buy flowers, selected them from the flower area, and was walking to the checkout center when she slipped on some slippery substance, upon information and belief available to Plaintiff was thought to be water, on the floor near the end caps of the aisle area.

11. Plaintiff fell on the floor on her left side, resulting in pain and injuries. Plaintiff subsequently underwent medical treatment as a result of the fall and to date, the Plaintiff still suffers from said injuries.

12. By reason of the negligence of Defendant stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

13. By reason of the negligence of Defendant stated herein, Plaintiff suffered pain and suffering as a result of her injuries described herein.

14. As a direct and proximate result of her injuries, Plaintiff suffered damages as set forth herein.

## COUNT I-NEGLIGENCE

15. Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16. At all times relevant to this action, Defendant had a duty to Plaintiff as a business invitee to use ordinary care to maintain the premises in reasonably safe condition.

17. Defendant knew or should have known that business invitees (including Plaintiff) would approach the area where Plaintiff fell while utilizing the premises, that the invitees would not be aware of the extent of the area's condition, and that customers would be forced to walk through that area while on the premises.

18. Defendant owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm. The Defendant breached this duty to Plaintiff.

19. Defendant, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to keep the floor free from a dangerous obstructions. This breach created an unsafe condition for business invitees such as Plaintiff. In the alternative, Defendant, or its authorized agents, employees, or representatives, breached the duty to the Plaintiff by allowing water to accumulate on the floor, causing an unsafe condition, for such an amount of time that Defendants knew or should have known of its

presence, and failed to remove or address the dangerous situation.

20. Defendant breached its duty to use ordinary care to maintain and inspect the premises in a reasonably safe condition for Plaintiff, who was a business invitee to which Defendant owed the highest degree of care.

21. Defendant carelessly and negligently allowed the presence of the accumulated water to remain, creating an unsafe condition of the premises controlled, maintained, and operated by it, and caused the Plaintiff to fall with such force as to cause physical injury and necessitated subsequent medical treatment.

22. Defendant carelessly and negligently allowed the floor to be left unattended, creating an unsafe condition of the premises controlled, maintained and operated by it, and allowed the water to remain upon the area of such premises for such a length of time, that Defendant knew or reasonably should have known of its presence, and failed to use ordinary care to address it.

23. Defendant carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

24. Defendant carelessly and negligently failed to warn its business invitees, and more particularly the Plaintiff, of the presence of the water on the premises controlled, maintained and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff would result in injury and damages.

25. Defendant carelessly and negligently failed to mark the dangerous area of the premises to protect the business invitees and patrons, and more particularly the Plaintiff, from the presence of the water on the premises controlled, maintained and operated by

it, and knew or reasonably should have known that failure to mark the area would result in injury and damages to the Plaintiff.

26. As a direct and proximate result of Defendant's acts, or failures to act, as set forth herein, Plaintiff suffered damages as stated in the Prayer for Relief.

### PRAYER FOR RELIEF

27. Plaintiff hereby incorporates paragraphs 1 through 26 herein by reference.

28. As a direct and proximate result of the Defendant's conduct, Plaintiff is entitled to the following damages, taking into account the nature, extent, duration, and permanency of her injuries:

   a. Past and present medical care, treatment, services, expenses, and costs;

   b. Past and present pain, suffering, and mental anguish; and

   c. Future pain, and suffering.

29. Plaintiff respectfully requests the cost of litigating this case.

30. Plaintiff requests trial by jury.

31. Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

**WHEREFORE**, Plaintiff, Patricia McClinton, respectfully requests that this Court grant her judgment against Defendant for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

Respectfully submitted,

Taylor King & Associates, P.A.
P.O. Box 972
320 Main Street
Arkadelphia, AR 71923
(870) 246-0505

By: *[signature]*
Adam Jackson Bar No. 2013176